IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHEQUITA SMALLS, on behalf of DERRICK SMALLS, deceased, <br><br> Plaintiff, <br><br> v. <br><br> SHELBY COUNTY, et al., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) )     No. 2:25-cv-02579-SHL-tmp |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING COMPLAINT**

On June 9, 2025, Plaintiff Shequita Smalls, on behalf of her deceased husband, Derrick Smalls, filed a complaint in which she alleged violations of 42 U.S.C. § 1983 related to her husband's arrest, custodial treatment, and eventual death. (ECF No. 2.) On October 31, 2025, Chief Magistrate Judge Tu M. Pham entered an order sua sponte granting Smalls leave to file an amended complaint based on the fact that, although the complaint included several exhibits containing medical records that provided background as to her husband's death, it was bereft of any factual allegations. (ECF No. 8.) Smalls filed an amended complaint on November 20. (ECF No. 9.) Judge Pham screened the complaints under 28 U.S.C. § 1915(e)(2)[1] and issued a Report and Recommendation ("R&R") on December 4, 2025, recommending that the complaints be dismissed for failure to state claim. (ECF No. 10.) There being no objections to the R&R, and finding no clear error, it is **ADOPTED**.

---

[1] Because Smalls is proceeding in forma pauperis (ECF No. 7), her complaint must be preliminarily screened to determine whether it is frivolous, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

## ANALYSIS

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations that assist in the determination of certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Smalls's deadline to object to the R&R was December 18, 2025. (See ECF No. 10 at PageID 96.) She has not filed any objections.

In her amended complaint, Smalls clarifies that she is alleging that the Shelby County Sheriff, several of the jailers at the Shelby County Sheriff's Office, medical staff at the jail, and airport police officers, delayed in assessing and treating her husband's mental health, failed to provide him medical care, and deprived him of his civil rights. (ECF No. 9 at PageID 74.) She alleges that the evidence she gathered demonstrates that her husband "was experiencing a trauma-induced psychotic episode, [] standard mental-health crisis protocols were not initiated, [] custodial staff failed to provide timely medical assessment, and [] subsequent restraint and handling procedures contributed to his medical deterioration." (Id. at PageID 78.) Specifically, Smalls alleges that her husband was experiencing trauma-induced psychosis, and was transported to the Shelby County Criminal Justice Center where he was booked without a documented medical evaluation. (Id. at PageID 79.) There, she alleges, he was placed into a restraint chair and eventually ended up on the floor. (Id. at PageID 80.) Her husband was then dragged "from court holding to Medical," where, after his assessment was delayed by thirty minutes, he

eventually "was transported to Regional Medical Center." (Id. at PageID 82.) He was unresponsive at the hospital, was experiencing seizures, and needed immediate dialysis due to organ failure. (Id. at PageID 83.) Smalls alleges that her husband's mishandling ultimately resulted in his death. (Id. at PageID 84.)

In his R&R, Judge Pham correctly finds that Smalls fails to state a § 1983 claim against Shelby County because the complaints fail to "provide any factual allegations to support that the municipal defendant had an unlawful policy or custom that deprived Derrick Smalls of a constitutional right," as is required under Monell v. Department of Social Services, 436 U.S. 658 (1978). (ECF No. 10 at PageID 90.) As a result, Judge Pham concludes that Smalls's § 1983 claims against Shelby County should be dismissed because she "has not plausibly alleged that Shelby County so inadequately failed to train its officers or ignored a pattern of sufficiently similar constitutional violations for municipal liability to attach." (Id. at PageID 94.)

Judge Pham also correctly concludes that, to the extent Smalls sued individual officers in their official capacities, those claims also fail because "[w]hen a government official is sued in their official capacity, courts treat it as 'the equivalent of a suit against the governmental entity,' so the Monell requirements would still apply." (Id. at PageID 95 (quoting Lane v. City of Lafollette, 490 F.3d 410, 423 (6th Cir. 2007)).)

Finally, Judge Pham correctly concludes that, to the extent Smalls sued the officers and other staff in their individual capacities, she has failed to state a claim because she "does not identify how any particular individual acted to violate her husband's constitutional rights, nor does she provide facts alleging which of the named officers and staff were personally responsible for which parts of the encounter." (Id. at PageID 96.) This failure to "identify how any particular individual acted to violate her husband's constitutional rights," or to "provide facts

3

alleging which of the named officers and staff were personally responsible for which parts of the encounter," means that her "complaint does not meet the standard of individual liability against the officers and staff." (Id. at PageID 96.)

The Court has reviewed the R&R in its entirety for clear error and finds none. The R&R correctly found that Smalls's complaints fail to state a claim under § 1983 for municipal liability, or for liability for the individually named Defendants in either their official or individual capacities. Thus, the R&R is **ADOPTED** and the complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 16th day of January, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
